UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,
        Plaintiff,

v.                                          Case No.
24-cr-20306
                                            Hon. Brandy R.

McMillion
Ibrahim Sammour,
        Defendant.
_____/

DEFENDANT'S MOTION TO UNSEAL THE OCTOBER 3, 2025 HEARING AND
TO PERMIT USE OF THE UNSEALED MATERIAL AT TRIAL (McMILLION CASE)

Defendant Ibrahim Sammour, appearing pro se for purposes of this
motion, respectfully
Moves this Court for an order unsealing the October 3, 2025 hearing
and permitting
Defendant to use the unsealed material during trial in this case,
including in opening
Statements, closing arguments, and any portion of the defense
presentation where the
Procedural history or the basis of Defendant's prior pro se request
is relevant. Defendant
Also seeks permission to use all relevant transcripts — sealed and
unsealed — including
the unsealed transcript of the April 28, 2026 hearing.

As set forth below, the sealed material introduced before Judge
Goldsmith has been relied
Upon by the Government in this case, has shaped the Government's
litigation positions,
and continues to affect the fairness and structure of the proceedings
before this Court. The
Sixth Amendment, due process principles, and the strong presumption
of public access
require that Defendant be permitted to access and use the material at
trial.

Pursuant to Local Rule 7.1(a), Defendant sought concurrence from the
Government.
Concurrence was requested but not obtained.

I.      BACKGROUND

[Insert Paragraph 1 and Paragraph 2 previously finalized.]

In the proceedings before this Court, the Government has repeatedly
relied on rulings and
Characterizations that originated from the sealed October 3, 2025
hearing before Judge
Goldsmith. The Government cited those sealed based rulings when
requesting that
Defendant be precluded from raising issues related to former counsel,
and when asserting
that certain matters should not be presented to the jury. Because the
Government has

FILED
JUN 15 2026
CLERK'S OFFICE
DETROIT

Invoked the consequences of the sealed material in this case, Defendant cannot meaningfully respond or prepare a complete defense without access to the underlying Record. The sealed statements therefore continue to influence the procedural posture of this case, and unsealing is necessary to ensure that the trial proceeds on a complete and accurate record.

Taken together, these events demonstrate that the October 3, 2025 sealed statements were not an isolated or harmless occurrence, but the originating point of a continuing structural error that has influenced judicial decision-making, Government litigation positions, and the procedural posture of both cases. The Government's reliance on sealed based rulings in this case, combined with the contradictory handling of counsel across the two cases, confirms that the sealed material continues to generate prejudice and procedural Distortion. Unsealing is therefore necessary not only to correct the record, but to ensure that Defendant can present a complete and constitutionally adequate defense at trial.

II.    SIXTH AMENDMENT AND DUE-PROCESS ARGUMENT

A.     The Sixth Amendment guarantees the right to present a complete defense.

The sealed October 3, 2025 statements:

• shaped Judge Goldsmith's November 12, 2025 ruling,
• were relied upon by the Government in this case,
• influenced the Government's request to restrict Defendant's trial presentation, and
• contributed to the inconsistent handling of counsel across both cases.

Because the sealed material directly affects the fairness and structure of the trial before this Court, Defendant must be permitted to access and use it.

B.     Due process requires access to material relied upon by the Court or the Government.

Under Gardner v. Florida, due process is violated when a court or Government relies on sealed or undisclosed information that the defendant cannot deny or explain. The Government has relied on sealed based rulings in this case. Defendant cannot respond to or contextualize those effects without access to the material.

Thus, due process requires unsealing and trial use.

III.   PUBLIC-ACCESS ARGUMENT

Federal courts recognize a strong presumption of public access to judicial records, especially when:

- the material influenced judicial rulings,
- the material affects the fairness of the proceedings,
- the material is relevant to trial, or
- the material concerns the integrity of the judicial process.

The October 3, 2025 hearing meets all of these criteria. Because the sealed statements shaped rulings in both cases and continue to influence the Government's litigation positions, the public has a right to inspect the record.

Transparency is essential to maintain confidence in the judicial process and to ensure that the trial proceeds on a complete and accurate record.

IV.    RELIEF REQUESTED

Defendant respectfully requests that the Court enter an order:

1. Unsealing the October 3, 2025 hearing transcript and audio;

2. Making the unsealed material part of the accessible trial record in this case;

3. Permitting Defendant to reference the unsealed material in opening statements, closing
   arguments, and any portion of the defense presentation where the procedural history or
   the basis of Defendant's pro se request is relevant;

4. Permitting Defendant to use all relevant transcripts — sealed and unsealed — including
   the April 28, 2026 transcript;

5. Permitting Defendant to introduce the unsealed material as evidence if relevant to any
   issue at trial; and

6. Granting any further relief the Court deems just and proper.

Respectfully submitted,

/s/ Ibrahim Sammour
Defendant, Pro Se
13340 Leonard St., Apt. 108
Dearborn, Michigan 48126

6/15/2026